John M. Fitzpatrick, Esq.
BUXBAUM, DAUE & FITZPATRICK, PLLC
228 West Main, Suite A
P.O. Box 8209
Missoula, MT 59807
Telephone: (406) 327-8677
Fax No.: (406) 829-9840

Terryl T. Matt, Esq.
ATTORNEY AT LAW
210 East Main
Cut Bank, MT 59427
Telephone: (406) 873-4833
Fax No.: (406) 873-4944

Attorneys for Plaintiff

FILED
GREAT F...
2012 AUG 27 PM 2 20
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### GREAT FALLS DIVISION

| | |
|---|---|
| KARLENE WHITFORD, ) | Cause No. CV-12-64-GF-SEH-RKS |
| Plaintiff, ) | |
| ) | |
| -vs- ) | COMPLAINT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

Plaintiff, through her attorneys, alleges:

1. Karlene Whitford is a citizen and resident of Browning, Montana.

2. This Court has jurisdiction over this case pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, et seq., in that the claim arises from the Government's conduct in providing health care services at Blackfeet Community Hospital (BCH) in Browning, Montana. BCH is an Indian Health Services (IHS)-funded facility operated by the United States. The negligent acts and omissions that are the subject of this action were committed by the Government's agents and employees while acting within the course and scope of their employment. This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

3. The Plaintiff's claim was filed in writing with the IHS on November 25, 2011. The United States has not responded and more than six (6) months has elapsed. Accordingly, Plaintiff has appropriately exhausted her administrative remedies.

4. The acts and omissions giving rise to this claim occurred in Glacier County, Montana, which is within the Great Falls Division. Venue is proper in the Great Falls Division pursuant to Local Rule 3.2(b).

5. On June 16, 2011, John N. Withers, M.D., while and employee of Blackfeet Community Hospital, Indian Health Services and the United States of America, performed laproscopic gallbladder surgery on Karlene Whitford at Blackfeet Community Hospital in Browning, Montana.

6.   The standard of care for performance of such surgery is well established and must be carefully followed to avoid needlessly injuring the patient.

7.   Surgery conducted within the standard of care results in removal of the gallbladder and most of the cystic duct, with preservation of the other structures of the biliary system, including the common bile duct and common hepatic duct.

8.   During the June 16, 2011 surgery, Dr. Withers negligently put a staple across Karlene's common bile duct and transected her common hepatic duct just below the bifurcation of the left and right hepatic ducts.

9.   Although his operative report does not mention any complications, and in fact describes procedure details that can not be accurate or true, later records reflect that Dr. Withers knew intraoperatively that he had surgically injured Karlene's biliary system and caused a bile leak. Despite knowing this, Dr. Withers closed and sent Karlene to the recovery room.

10.   Karlene went downhill over the next two days and it appears that Dr. Withers tried to get her to agree to let him do a re-exploration procedure in Browning. Karlene and her family refused, and demanded she be transferred to Benefis Hospital in Great Falls.

11.   At Benefis, gastroenterologist Craig Brayko, M.D., performed laproscopic exploration and identified the injuries Dr. Withers caused to Karlene's biliary system. Because of the extent and complexity of the injuries caused by Dr.

Withers, Dr. Brayko had Karlene transferred to the University of Washington Medical Center in Seattle for subspecialty care.

12. Karlene underwent surgery at UWMC on June 20, 2011. Dr. James Park performed the procedure, which was complicated because of the location and extent of injuries. Dr. Park was able to find the cut duct spewing bile into Karlene's abdomen, which he identified as the common hepatic duct. It is unknown how, during the course of a laproscopic cholecystectomy, Dr. Withers would have been in the area where he cut Karlene's common hepatic duct. In any event, Dr. Park had to connect the small stump of the common hepatic duct to a loop of her small bowel. Unfortunately, because of the tissue injuries caused by Dr. Withers, the anastomosis is quite tenuous.

13. Karlene will be at risk for the rest of her life for closure of the bile duct anastomosis, which would be a life-threatening medical emergency requiring transfer to UWMC or another specialty center for revision.

14. In providing surgical services to Karlene, Dr. Withers violated accepted standards of care and was negligent. His negligence was a substantial contributing factor in bringing about past and future harm and caused damage, harm and loss to Karlene.

WHEREFORE, Plaintiff seeks judgment against the Defendant as follows:

1. For a judgment in such amounts as shall be proven at trial;

2.  For costs of this action;

3.  For such other relief as the Court deems just.

Dated this _____ day of August, 2012

        BUXBAUM, DAUE & FITZPATRICK, PLLC
        228 West Main, Suite A
        P.O. Box 8209
        Missoula, MT 59807
        Telephone: (406) 327-8677
        Fax: (406) 829-9840
        Attorney for Defendant

        By: _____
            John M. Fitzpatrick

Dated this _____ day of August, 2012

        ATTORNEY AT LAW
        310 East Main
        Cutbank, MT 59427
        Telephone: (406) 873-4833
        Fax: (406) 873-4944
        Attorney for Defendant

        By: _____
            Terryl T. Matt